UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEMENTE BURGOS LOPEZ, | No. 1:26-cv-04846-DAD-SCR |
| Petitioner, | |
| v. | ORDER GRANTING IN PART PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT |
| WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, | |
| Respondent. | (Doc. Nos. 1, 2) |

On June 24, 2026, petitioner Clemente Burgos Lopez, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Therein, petitioner alleges as follows. This court previously granted petitioner a bond hearing in *Lopez v. Cruz*, No. 1:26-cv-00514-DAD-SCR, 2026 WL 541942 (E.D. Cal. Feb. 26, 2026), and respondent failed to effectuate the relief the court ordered. (*Id.* at 1–2.) While petitioner received a hearing on May 28, 2026, the immigration judge refused to conduct a meaningful, individualized custody review, instead claiming a lack of jurisdiction to conduct the bond hearing. (*Id.* at 2.) Petitioner seeks immediate release. (*Id.* at 18.) Also on June 24, 2026, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) On June 25, 2026, the previously assigned district judge set a

1

deadline for respondent's opposition and stated that he intended to rule directly on the petition. (Doc. No. 4.)

On June 29, 2026, respondent filed a combined motion to dismiss the petition for writ of habeas corpus and opposition to the motion for temporary restraining order. (Doc. No. 8.) Therein, respondent argues that the petition is moot because petitioner received the court mandated bond hearing on March 17, 2026, and petitioner has not exhausted administrative remedies. (*Id.* at 2–4.) Respondent has attached evidence confirming that a bond hearing also was held on May 28, 2026, at which time the immigration court determined that it lacked jurisdiction to provide petitioner with a bond hearing on the ground that petitioner is subject to mandatory detention. (Doc. No. 8-1 at 1–2.)

On July 1, 2026, the undersigned issued an order relating this case to petitioner's prior case before this court and reassigning this case to the undersigned. (Doc. No. 10.) On July 2, 2026, the court directed respondent to file the immigration judge's order issued following the March 17, 2026 bond hearing, and respondent did so on July 7, 2026. (Doc. Nos. 12, 13.) Based upon that order, the court is persuaded that petitioner appropriately received an initial bond hearing on March 17, 2026, where the immigration court determined that petitioner is "both a flight risk and a danger to the community." (Doc. No. 13-1 at 1.)

However, that March 17, 2026 hearing does not render moot petitioner's new petition, which requests release from detention, not an initial bond hearing. (Doc. No. 1 at 18.) Further, the court waives any further administrative exhaustion requirement as futile. *See Espinoza v. Chestnut*, No. 1:26-cv-00937-DAD-CKD, 2026 WL 309562, at *1 (E.D. Cal. Feb. 5, 2026) (waiving prudential exhaustion in part "because the BIA recently held all noncitizens present in the United States without admission are 'seeking admission' for purposes of 8 U.S.C. § 1225(b)(2)(A) and must be detained").

Here, at the May 28, 2026 hearing respondent failed to follow its own regulation regarding subsequent bond hearings. Those regulations provide for a subsequent bond redetermination "[a]fter an initial bond redetermination," where the request is "made in writing[,]" and where there is "a showing that the alien's circumstances have changed materially

2

since the prior bond redetermination." 8 C.F.R. § 1003.19(e).  The immigration court relied on none of these factors, instead denying petitioner a subsequent bond hearing on the basis that petitioner is "subject to mandatory detention[.]"  (Doc. No. 8-1 at 2.)  This is in direct contravention of this court's prior order, which held that "the applicable statutory authority for [*this same*] petitioner's detention is 8 U.S.C. § 1226(a)[.]"  *Lopez v. Cruz*, No. 1:26-cv-00514-DAD-SCR, 2026 WL 541942, at *1 (E.D. Cal. Feb. 26, 2026).

For the reasons explained above,

1.  Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED in part as follows:

    a.  Respondent is ORDERED to provide petitioner, A-File No. 210-660-979, with a determination, consistent with this order, before an immigration judge of whether petitioner is eligible for a second bond hearing pursuant to the requirements of 8 C.F.R. § 1003.19(e) within seven (7) days of the date of entry of this order, or else to immediately release petitioner;

    b.  If the immigration judge determines that petitioner is entitled to a bond hearing pursuant to the requirements of 8 C.F.R. § 1003.19(e), respondent is ORDERED to provide petitioner a bond hearing before an immigration judge within fourteen (14) days of the date of entry of this order, or else to immediately release petitioner;

    c.  Petitioner's request for immediate release is DENIED at this time without prejudice;

2.  Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting in part his petition for habeas relief on the merits;

3.  The Clerk of the Court is directed to serve a copy of this order on the California City Correctional Center; and

/////

/////

3

4.      The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:    **July 10, 2026**                          ___Dale A. Drozd_____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE